UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD BUCHLA,<br><br>    Plaintiff,<br><br>    v.<br><br>BUCHLA ELECTRONIC MUSICAL INSTRUMENT, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-00921-HSG<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 26 |

Pending before the Court is Defendants' motion to compel arbitration and stay this action pending the results of that arbitration. For the reasons described below, the Court GRANTS the motion.

## I.   BACKGROUND

The following facts are alleged in the complaint. *See* Dkt. No. 1 ("Complt."). Plaintiff Donald Buchla is "a 77-year-old pioneer in the development of voltage-controlled electronic musical instruments." *Id.* ¶ 1. After undergoing treatment for multiple myeloma cancer, Mr. Buchla "grew concerned about the ability to care for himself and his family in the future" and became interested in selling his electronic musical instrument company, Buchla & Associates. *Id.* ¶¶ 2-3. Defendants Buchla Electronic Musical Instruments, LLC, Audio Supermarket Pty. Ltd., Danny Olesh, Michael Marans, Lewis Chiodo, and John Fuller were involved in the acquisition of Buchla & Associates. *Id.* ¶¶ 19-27.

In November 2011, Plaintiff "signed a Memorandum of Understanding between Audio Supermarket as 'purchaser' and Buchla & Associates as 'company.'" *Id.* ¶ 42. In June 2012, the same parties signed the "Asset Purchase Agreement," *id.* Ex. D, and the "Employment Agreement," *id.* Ex. E. *Id.* ¶ 56. Both of the Agreements contain arbitration provisions.

Paragraph 24 of the Asset Purchase Agreement provides:

> ARBITRATION.  Unless the relief sought requires the exercise of the equity powers of a court of competent jurisdiction, any dispute or controversy arising under, out of, or in connection with the enforcement, interpretation or validity of this Agreement or any of the ancillary agreements hereto, or relating to any alleged breach, default or misrepresentation in connection with this Agreement or any of the ancillary agreements hereto, shall be submitted to and be determined and settled by arbitration in accordance with the provisions of the then-current provisions of the American Arbitration Association ("AAA"), but the arbitration need not necessarily be conducted by the AAA.  Any arbitration proceeding pursuant to this Agreement shall be conducted by a single neutral arbitrator appointed in the manner specified by AAA and, unless otherwise mutually agreed by the Parties to said proceeding[,] [t]he arbitration proceeding shall be held in the City of Santa Barbara if Seller is the moving party that files for arbitration and Alameda County or San Francisco, California if Purchaser is the moving party that files for arbitration.  Any award rendered by such arbitrator shall be final, conclusive, and binding on each and all of the parties hereto and their respective heirs, personal representatives, successors and assigns, and judgment thereon shall be entered and subject to confirmation in any court having jurisdiction thereof in accordance with the applicable provisions of California law.  The arbitrator shall not have the power either to alter, amend, modify or change any of the terms of this Agreement or to grant any remedy [that] is either prohibited by the terms of this Agreement or not available in a court of law or equity.

*Id.* Ex. D.

Paragraph 11.6 of the Employment Agreement provides:

> ARBITRATION.  Except for any action for specific performance or injunctive or other equitable relief, any controversy or claim between Company and Employee involving the construction or application of any of the terms, provisions or conditions of this Agreement shall be settled by arbitration conducted in the City of Santa Barbara in accordance with, and by an arbitrator appointed pursuant to, the Rules of the American Arbitration Association in effect at the time, and judgment upon the award rendered pursuant thereto may be entered in any court having jurisdiction hereof, and all rights or remedies of the parties hereto to the contrary are hereby expressly waived.  The arbitration will be conducted in private, and will not be open to the public or the media.  The testimony and other evidence presented, and the results of the arbitration, unless otherwise agreed to by both parties, are confidential and may not be made public or reported by any news agency or legal publisher or service.

*Id.* Ex. E.

## II. DISCUSSION

### A. Legal Standard

The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

If the party seeking arbitration establishes that 1) the parties agreed to arbitrate, and 2) the scope of that agreement to arbitrate encompasses the claims at issue, a court must compel arbitration. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). Furthermore, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (internal quotation marks omitted).

That said, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal quotation marks omitted). To determine whether a valid and enforceable agreement to arbitrate has been established, courts "should apply ordinary state-law principles that govern the formation of contracts" to decide whether the parties agreed to arbitrate a certain matter. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action upon any issue referable to arbitration under an agreement in writing for such arbitration." *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (internal quotation marks omitted). If all of the claims in the litigation are subject to a valid arbitration agreement, the court may dismiss or stay the case. *Farrow*, 37 F. Supp. 3d at 1118.

3

### B. The Ambiguities In The Arbitration Provisions Must Be Resolved In Favor Of Arbitration

While there is no dispute that the substance of Plaintiff's claims relates to "the enforcement, interpretation or validity of" the Asset Purchase Agreement and to "the construction or application of any of the terms, provisions or conditions" of the Employment Agreement, the parties contest whether Plaintiff's action seeks equitable relief such that it falls outside of the scope of the arbitration provisions.

As described above, the arbitration provision of the Asset Purchase Agreement exempts from its scope "any dispute or controversy" in which "the relief sought requires the exercise of the equity powers of a court of competent jurisdiction." Complt. Ex. D, ¶ 24. Similarly, the arbitration provision of the Employment Agreement exempts from its scope "any action for specific performance or injunctive or other equitable relief." *Id.* Ex. E, ¶ 11.6. Defendants argue that the exemption is limited to claims that "require" the exercise of a court's equity powers—in other words, they argue that any relief that could potentially be awarded by an arbitrator must be arbitrated. Plaintiff, on the other hand, contends that this "interpretation would render the equitable carve-out meaningless, because . . . AAA arbitrators have the power to award equitable relief." Dkt. No. 36 ("Opp.") at 8.

Rather than provide clarity, the parties' conflicting interpretations of the arbitration provisions demonstrate those provisions' inherent ambiguity. Neither party cited, nor is the Court aware of, any authority construing the specific language found in the arbitration provisions at issue here. The Court finds that the provisions do not clearly include or exclude the present dispute from their scope. Because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Simula*, 175 F.3d at 719, the Court finds that the scope of the arbitration provisions is properly within the province of the arbitrator to decide.

### C. The Agreements To Arbitrate Are Not Unconscionable

California Civil Code § 1670.5 provides: "If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the

4

1 unconscionable clause, or it may so limit the application of the unconscionable clause so as to
2 avoid any unconscionable result." An otherwise valid arbitration agreement is enforceable
3 separate and apart from the rest of the contract. *Buckeye Check Cashing v. Cardegna*, 546 U.S.
4 440, 445-46 (2006). Therefore, if the arbitration provisions themselves are not unconscionable,
5 they must be enforced. *Lucas v. Gund*, 450 F. Supp. 2d 1125, 1130 (C.D. Cal. 2006).

6 Under California law, an agreement is enforceable unless it is both procedurally and
7 substantively unconscionable. *Armendariz v. Foundation Health Psychcare Svcs. Inc.*, 24 Cal. 4th
8 83 114, (2000). Procedural and substantive unconscionability need not be present in equal
9 amounts. *Id.* The two are evaluated on a "sliding scale," which means that the more evidence of
10 procedural unconscionability there is, the less evidence of substantive unconscionability is needed
11 to render the agreement unenforceable, and vice versa. *Id.*

12 Plaintiff contends that both arbitration provisions are unenforceable because they are
13 unconscionable. Plaintiff argues that the provisions are procedurally unconscionable because (1)
14 Plaintiff was not sophisticated in legal matters; (2) Plaintiff was subjected to intense economic and
15 coercive pressure; (3) Defendants had superior bargaining power; and (4) the AAA rules were not
16 attached to the Agreements. Plaintiff further argues that the arbitration provisions are
17 substantively unconscionable because (1) they are unfairly one-sided; (2) they require Plaintiff to
18 travel to Santa Barbara to arbitrate his claims; and (3) they require Plaintiff to expend large
19 amounts of money on arbitration filing fees.

20 The Court finds that the arbitration provisions are not procedurally or substantively
21 unconscionable. The Agreements in general, and the arbitration provisions in particular, were
22 negotiated by both parties to the contracts. Though Plaintiff may not be a legal expert, he is a
23 sophisticated businessman, and he was represented by counsel—who should be well-acquainted
24 with the AAA rules—during the negotiation of the Agreements. At most, the arbitration
25 provisions are minimally procedurally unconscionable due to Plaintiff's health issues. In any
26 event, the Court finds that there is nothing substantively unconscionable about the arbitration
27 provisions: the equitable carve-out is equally available to both parties, the travel requirement is not
28 onerous (and requires whichever party files for arbitration to travel to the other party's "home

1 turf"), and Plaintiff identifies no authority for his contention that large arbitration filing fees are
2 per se unconscionable under these circumstances.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED. This action is hereby STAYED pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: July 21, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge